# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IOWA SQUARE REALTY LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 17-926 |
| | ) | |
| v. | ) | |
| | ) | United States Magistrate Judge |
| RAVINDER THOTA and | ) | Cynthia Reed Eddy |
| YASHODHARA DEVI THOTA, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Presently pending before the Court is a "Joint Motion to Transfer Case to the Federal District Court for the Southern District of New York." [ECF No. 29]. For the reasons stated herein the motion will be granted.[1]

Although Plaintiff has chosen initially to bring this action in this forum, it now concedes that the Southern District of New York is a more convenient forum for this matter and joins the Motion. Venue, personal jurisdiction and subject matter jurisdiction are proper in the Southern District of New York, and the parties do not dispute this. 28 U.S.C. § 1391(b)(2). 28 U.S.C. § 1332. We nevertheless note the following procedural history and uncontested factual background.

On April 18, 2017, Iowa Square Realty, LLC (the "Plaintiff"), a New York limited liability corporation, filed a Complaint in Mortgage Foreclosure against JSMN Shenango Valley Mall LLC ("Mortgagor"), a New Jersey limited liability company, in connection with the

---

[1] Under the Federal Magistrate Judges Act ("the Act), a Magistrate Judge's jurisdiction may be conferred by consent of the parties. 28 U.S.C. § 636(c). Under the Act, "[u]pon consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court." 28 U.S.C. § 636(c)(1). The parties have consented to jurisdiction by a Magistrate Judge. [ECF No. 24-2].

Mortgagor's alleged default on its obligations under a commercial loan agreement, including certain extension agreements (the "Loan"). That case is styled as *Iowa Square Realty LLC v. JSMN Shenango Valley Mall LLC*, 2:17-cv-00497-CRE.

This matter, designated as related to the aforesaid case, was filed on July 13, 2017, and in it Plaintiff sues Defendants, Ravinder Thota and Yashodhara Devi Thota ("Mr. and Mrs. Thota") alleging, inter alia, that Mr. and Mrs. Thota are liable to Plaintiff for the outstanding principal, interest, extension fees, late charges and other sums due under the Loan pursuant to each of two Guaranty Agreements. On November 22, 2017, Mr. and Mrs. Thota filed an Amended Answer to the Complaint and Affirmative Defenses, the latter of which included that the appropriate venue for this action is in a federal district court in New York.

Paradigm Credit Corp. ("Paradigm"), the original lender before assigning the Loan to Plaintiff, is a New York corporation with its principal offices located in New York City. Plaintiff is a New York limited liability company, and its sole member is an individual who is a resident and citizen of the State of New York, while Mr. and Mrs. Thota are residents and citizens of the State of New Jersey. Neither Plaintiff nor Paradigm maintain offices in the Western District of Pennsylvania. Mortgagor Shenango Valley Mall is located in the Western District of Pennsylvania.

On or about June 29, 2012, Mr. and Mrs. Thota executed the Guarantees in New York and delivered the documents to Paradigm at its offices in New York City. The Guarantees state that "any suit, action or other legal proceeding arising out of this Guaranty may be brought in the courts of record of the State of New York or any Federal court in New York State, such courts shall have in personam jurisdiction of Guarantor in any such suit or other legal proceeding." The Guarantees also contain a choice of law provision each of which provide "[t]his Guaranty shall

be governed by and construed in accordance with the laws of the State of New York without regard to conflicts of laws principles."

The parties stipulate that all of the potential witnesses in this action are located in New York or New Jersey. The Court notes that counsel of record are located in Philadelphia, Pennsylvania.

The discretionary transfer statute, provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995), the Court of Appeals for the Third Circuit set forth a number of private and public factors that courts must balance when determining whether to transfer the case under §1404(a). The forum selection clause affects our analysis. *Atlantic Marine Constr. Co., Inc. v. U.S. District Court*, 134 S. Ct. 568, 581 (2013) ("The presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways."); *In re Howmedica Osteonics Corp.*, 867 F.3d 390, 402 (3d Cir. 2017) ("The weighing of private and public interests under § 1404(a) changes, however, if a forum-selection clause enters the picture.").

The private *Jumara* factors include: (1) the plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum). *Jumara,* 55 F.3d at 879. Moreover, the Court must consider "all other practical problems that make trial of a

case easy, expeditious and inexpensive" for the parties. *Atlantic Marine*, 134 S. Ct. at 581 & n. 6.

Plaintiff's forum preference as manifested by its original choice has been waived in this case, and thus, its consent to transfer is entitled to deference and favors transfer. Moreover, the second private *Jumara* factor, Defendants' preference to litigate the action in the Southern District of New York, weighs in favor of transfer, as does the third, whether the claim arose elsewhere. "When the vast majority of the acts giving rise to plaintiff's claims take place in another forum, that weighs heavily in favor of transfer." *Hamilton v. Nochimson*, 2009 WL 2195138, *3 (E.D. Pa. 2009). As set forth above, the vast majority of conduct at issue in this case occurred in New York or New Jersey and the parties actively conducted business in the transferee forum.

The fourth private *Jumara* factor, the convenience of the parties as indicated by their relative physical and financial condition, also weighs in favor of transfer. There is no dispute that it is both physically and financially easier for all parties to litigate[2] this case in the Southern District of New York than it is for them to proceed here in Pittsburgh, especially when considering that all of the alleged contractual negotiations and transactions occurred in and around the New York City. The fifth and sixth private *Jumara* factors, the convenience of the witnesses and location of the books and records, likewise weighs in favor of transfer. As represented to the court, all of the witnesses and evidence are located within 100 miles of New York.

In addition, the Court concludes that "all other practical problems that make trial of a case easy, expeditious and inexpensive" for the parties weigh in favor of transfer. *See Atlantic*

---

[2] We further note, parenthetically, that all counsel are in Philadelphia. *Solomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043, 1047 (3d Cir. 1973) ("[t]he convenience of counsel is not a factor to be considered" under § 1404(a)).

*Marine*, 134 S. Ct. at 581 & n. 6. This Court, as explained below, is operating with four District Judge vacancies. The primary witnesses have no connection to Pittsburgh and may not be compelled to testify in this Court at trial, the Court concludes that resolution of this case would be easier, faster, and less expensive for the parties if transferred to the Southern District of New York.

As a result, after balancing the private *Jumara* factors and the catchall "practical considerations" factor from *Atlantic Marine*, the Court is in agreement that transfer is appropriate.

The public *Jumara* factors include: (1) the enforceability of the judgment; (2) practical judicial economy considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *Jumara*, 55 F.3d. at 879-80. Like the private factors, the public *Jumara* factors weigh in favor of transfer.

The Court agrees New York has a greater interest than Pennsylvania in resolving this matter and is best selected to enforcing judgment in this contract dispute involving these parties. Thus, the first and fourth public *Jumara* factors weigh in favor of transfer. In addition, the second public *Jumara* factor – practical judicial economy considerations that could make trial easy, expeditious, or inexpensive – weighs in favor of transfer. See *Howmedica,* 867 F.3d 390, 402 n. 7 (citing *Atlantic Marine*, 134 S. Ct. 581 & n. 6). Although judicial economy considerations may slightly weigh against transfer as there remains a separate case in this District involving the Plaintiff and Mortgagor, under the circumstances, the Court concludes that this factor is informed by the fifth private *Jumara* factor (the convenience of the witnesses), and also,

5

the fact that this action has been before the Court for a relatively short period of time. A transfer will not significantly disrupt the litigation or result in a waste of judicial resources. *Coppola v. Ferrellagas, Inc*., 250 F.R.D. 195, 200 (E.D. Pa. 2008) (quoting *Zokaites v. Land-Cellular Corp*., 424 F.Supp.2d 824, 841 (W.D. Pa. 2006)).

With respect to the third public *Jumara* factor, court congestion, this Court has acknowledged on numerous occasions that it "is presently operating with four empty District Judge seats, out of total of ten seats, with three of those seats being vacant for" approximately four years. *See, e.g., Cypress Ins., Inc.,* 2017 WL 1541892, *5; *see also Washington Frontier League Baseball, LLC v Frontier Prof. Baseball, Inc.*, 2017 WL 565001, at *3 (W.D. Pa. Feb. 13, 2017) (noting that "[i]t is unknown when the vacancies may be filled and it is likely that there will be another vacancy on this Court in the near future"). Thus, this third public *Jumara* factor weighs in favor of transfer.

The Court already discussed the fourth public *Jumara* factor, the local interest in deciding local controversies at home, in conjunction with the first public *Jumara f*actor. As noted above, it weighs in favor of transfer. *Turner Constr. Co*. *v. Independence Excavating, Inc.*, 2016 WL 1408120, at *3 (W.D. Pa. Apr. 11, 2016). The parties in the Joint Motion do not discuss with any particularity the fifth public *Jumara* factor, the respective public policies of the fora. The Court will, therefore, assume that it is neutral. *Wagner v. Olympus Am., Inc.,* 2016 WL 3000880, *7 (E.D. Pa. 2016).

Finally, the Court concludes that the sixth public *Jumara* factor, the familiarity of the trial judge with the applicable state law in diversity cases, favors transfer, as the Guarantees provide that they shall be governed by the law of the state of New York.

In conclusion, the public *Jumara* factors, like the private *Jumara* factors, weigh in favor

of transferring the case to the United States District Court for the Southern District of New York. The Parties have specifically agreed that any suit arising out of the Guarantees may be brought therein. The Motion to Transfer is filed jointly, and will accordingly be granted.

AND NOW, to-wit, this 18th day of December, 2017, upon consideration of the Parties Joint Motion to Transfer Venue [ECF No. 29], it is hereby ORDERED, ADJUDGED and DECREED that said Motion is GRANTED. This action hereby is transferred to the United States District Court for the Southern District of New York forthwith. The Clerk of Court shall mark this case as CLOSED.

/s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: record counsel *via CM-ECF electronic notice*